UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         CIVIL ACTION NO. 04-80335-04

        v.                                DISTRICT JUDGE VICTORIA A. ROBERTS

KEITH BERNELL LAWSON,          MAGISTRATE JUDGE VIRGINIA MORGAN

        Defendant.
_____/

## REPORT AND RECOMMENDATION
## TO DENY MOTION TO SUPPRESS

      This matter is before the court on the motion of defendant Lawson (D-4) to suppress evidence seized from his residence at 14056 Evergreen in the City of Detroit. The evidence was seized pursuant to a federal search warrant issued by the Hon. Thomas Carlson. Defendant claims that the search warrant was facially deficient because it lacked probable cause, that it was unlawful as a general search because it was overly broad, and that a hearing pursuant to Franks v. Delaware, 438 U.S. 154, 155-156 (1978), is required to test the deficiencies. Oral argument was held before the magistrate judge. For the reasons expressed in this Report and Recommendation, it is recommended that the motion be denied.

      The application and affidavit for the search warrant was presented to the authorizing magistrate judge on June 1, 2002. According to the affidavit filed in support of the search warrant, the matter first came to the attention of the agents following a stop of a motor home on

May 29, 2002, by federal agents in Arizona and the investigation had been in progress since then. The driver, referred to as DEA-1, decided to cooperate with the agents after 180 pounds of marijuana was discovered inside the vehicle. (Affidavit in Support of Search Warrant, par. 1-7) DEA-1 reported that he was delivering the marijuana to Detroit for Eric Hall a/k/a Eric Woodley, and three weeks earlier had delivered another load for Hall to 14056 Evergreen in Detroit. At that location, he had also picked up a large duffel bag of money at the same time. According to the affidavit: "DEA-1 also received telephone calls regarding the marijuana delivery from Hall's partner, *subsequently identified as Keith Lawson*. According to law enforcement databases, Keith Lawson *is associated with 14056 Evergreen*. Furthermore, a criminal history check revealed that Lawson has been previously convicted for homicide, narcotics trafficking and carrying a concealed weapon."[1] (Par. 9, italics added)

Following DEA-1's agreement to cooperate, DEA-1 made a series of monitored and recorded calls to Hall and drove the vehicle to Detroit for a controlled delivery. The address for delivery was identified as 14056 Evergreen, and Detroit DEA agents surveilled the location during the monitored phone calls. They noted the presence of Hall and another man, Ellison, at the location. After the phone call, these men walked toward a black GMC Denali with a particular license number. Following the phone call, these individuals left in the Denali and

---

[1] With respect to prior convictions of defendant, the government conceded at oral argument that defendant had never been convicted of any of the listed crimes, but that computer information erroneously reflected such information at the time the affiant queried it. Defense counsel, having been shown certain information by the government prior to oral argument, conceded that was the case and did not seek to strike that aspect of the affidavit or rely on that aspect of the affidavit in support of the request for a Franks hearing.

went to a nearby house (according to the defendant's motion, that location was 14238 Dale, approximately 2.24 miles away) where they met with DEA-1.  After Hall accepted delivery of the marijuana and received a representative sample of the drugs, he and Ellison were arrested at the Dale address.

   **1.  The affidavit on its face is sufficient to establish probable cause to search 14056 Evergreen for the items identified.**

  Defendant contends that the affidavit fails to establish probable cause to search the location. The standard for review of a search warrant is whether there is substantial evidence support the magistrate judge's decision. Massachusetts v. Upton, 466 U.S. 727, 728 (1984).  The reviewing court is to accord great deference to the judicial officer's determination of probable cause.  United States v. Calloway, 116 F.3d 1129, 1132 (6th Cir.), cert. denied, 522 U.S. 925 (1997).  The affidavit should be construed in a manner consistent with common sense and not in a hyper-technical manner.  United States v. Davidson, 936 F.2d 856, 859 (6th Cir. 1991).  It is the totality of the circumstances presented that must be examined to determine whether there is a fair probability that evidence of a crime will be found on the premises in question.  Illinois v. Gates, 462 U.S. 213 (1983).  The degree of certainty is not "more likely than not"–rather it is only that a reasonably prudent person would be warranted in believing that evidence would be found in a particular place.  See, Greene v. Reeves, 80 F.3d 1101, 1105 (6th Cir. 1996); United States v. Besase, 521 F.2d 1306, 1307 (6th Cir. 1975).

  In this case, the affidavit first outlines the agent's basis for her belief that there would be records, currency, firearms, and other items by drug traffickers in the residence.  This circuit has

upheld a search warrant for records in three separate locations under less compelling circumstances. United States v. Newton, 389 F.3d 631 (6th Cir. 2004). The factors here include the DEA -1's previous delivery of marijuana to that location to Hall three weeks before, his picking up a duffel bag of money at the location then, the presence of Hall and another at the location during a phone call to Hall regarding the imminent delivery of the load, and the association of the address with the defendant who is alleged to have previous convictions for drug trafficking, CCW, and homicide.

While it is true that the manner of defendant Lawson's identification was not spelled out, a reading of the affidavit in its totality is sufficient to conclude that evidence concerning drug trafficking would be found there. The court has some concern because of the absence of specific information regarding who identified Lawson, what databases were utilized, when the information was obtained, and what "associated with" means. However, reading the affidavit as a whole, under the standard of review, the facts alleged show more than a fair probability that contraband or evidence would be found at the location. There is a substantial basis for upholding the determination of the issuing magistrate judge under the totality of the circumstances. See, United States v. Lattner, 385 F.3d 947 (6th Cir. 2004), cert. denied, 125 S.Ct. 979 (2005).

    **2.**     **There is no necessity for a hearing pursuant to <u>Franks v. Delaware</u>.**

Entitlement to a Franks hearing is a two-pronged test. The movant must show that the affidavit was knowingly and intentionally false or made with reckless disregard for the truth, and that the offending information is essential to the probable cause determination. United States v.

Zimmer, 14 F.3d 286, 288 (6th Cir. 1994).  A failure to offer evidence of falsity or recklessness results in the court declining to hold a hearing.  United States v. Stewart, 306 F.3d 295, 304-306 (6th Cir. 2002), cert. denied, 537 U.S. 1138 (2003).  Careless drafting of the affidavit does not satisfy the Franks requirement.  United States v. Charles, 138 F.3d 257, 263-64 (6th Cir. 1998).

Defendant contends that the use of the word "near" and the non-inclusion of the Dale Street address were sufficient in and of themselves to meet that standard.  The court disagrees.  The word "near" is not sufficiently material to the determination of probable cause even though the marijuana was not actually delivered to the location on this particular occasion.  The earlier circumstances of delivery of drugs to 14056 Evergreen and the presence of Hall and Ellison there immediately prior to the instant delivery provide a sufficient nexus between the search warrant location and drug the delivery activity sufficient to justify the warrant.

The affidavit further noted that:

> "Agents established surveillance at 14056 Evergreen and observed several individuals including Eric Hall and Curtis Ellison at 14056 Evergreen.  At the direction of the agents, DEA-1 called Hall for final delivery instructions regarding the marijuana.  During this call, Hall indicated that he was at 14056 Evergreen.  Hall told DEA-1 to *deliver the marijuana to a secondary location, near 14056 Evergreen.*

(Affidavit, par.10)

Hall and Ellison then got into a vehicle and drove to the other location, not specified in the affidavit. They were arrested there without incident.  The affidavit states: "The circumstances and timing indicate that Hall and Ellison drove directly from 14056 Evergreen to the delivery location."  (Affidavit, Par. 11)  At oral argument, government counsel read from the transcript of

the monitored call.  It appeared from that call that Hall was expecting DEA-1 to drive to 14056 Evergreen within five minutes.  However, when asked to confirm that he was going there, DEA-1 told Hall he did not have the keys to the Evergreen address.  (Tr. 27)  Therefore, Hall directed him at the last minute to a secondary location, "come over to Tiny's or Tank's."  (Tr. 27)  This is consistent with the statements in the affidavit.  The distance of 2.24 miles does seem to be "near" given all the circumstances and the description cannot be said to have been either knowingly false or reckless.

Defendant having failed to establish either prong, no Franks hearing is required.

### 3. The affidavit identifies the items with sufficient particularity so as not to be a general warrant.

General warrants are not authorized by the Fourth Amendment.  Items to be seized must be described with sufficient particularity to prevent the seizure of one thing under a warrant describing another.  Marron v. United States, 275 U.S. 192, 196 (1927).  A warrant authorizing a search for papers showing ownership and/or control of illegal drugs is sufficiently particularized, requiring officers to exercise minimal judgment about what to search.  United States v. Bruce, 396 F.3d 697 (6th Cir. 2005).

Here, the list of items is lengthy but each category is either qualified as to its relationship with the illegal activity described in the affidavit or the relationship is obvious.  Attachment A is constitutionally adequate on its face.  In addition, there is no evidence that the agents seized any items inappropriately, thus offering no evidence that they believed they were executing a general warrant.

Accordingly, it is recommended that the motion be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

    s/Virginia M. Morgan
    VIRGINIA M. MORGAN
    UNITED STATES MAGISTRATE JUDGE

Dated:   August 5, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                     CIVIL ACTION NO. 04-80335-04

        v.                            DISTRICT JUDGE VICTORIA A. ROBERTS

KEITH BERNELL LAWSON,      MAGISTRATE JUDGE VIRGINIA MORGAN

        Defendant.
_____/

## REPORT AND RECOMMENDATION
## TO DENY MOTION TO SUPPRESS

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record by electronic means or U.S. Mail on August 5, 2005.

                s/J. Hernandez
                Case Manager to
                Magistrate Judge Morgan

---