UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff(s),

v.                                                Case No.  04-80335
                                                Honorable Victoria A. Roberts

KEITH BERNELL LAWSON,
aka Brute,

       Defendant(s).
_____

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS

**I.    INTRODUCTION**

      This matter arises from Defendant's objection to the Report and Recommendation (R&R) from Magistrate Morgan denying the Defendant's Motion to Suppress.  For the following reasons, this Court **ADOPTS** the Report and Recommendation.

**II.    BACKGROUND**

      As part of an ongoing investigation, the home located at 14056 Evergreen was searched which uncovered evidence against the Defendant.  The Defendant was

subsequently arrested and charged with conspiracy to distribute marijuana. The Defendant alleges there was no probable cause for the search warrant issued for 14056 Evergreen.

Agents were first alerted to possible drug activity of the Defendant and his alleged coconspirator Eric Hall (AKA Eric Woodley), via a routine traffic stop in Arizona. An individual, referred to as DEA-1, was stopped while driving an RV through Camp Verde, Arizona. Upon inspection, the RV was found to contain approximately 180 lbs. of marijuana. DEA-1 admitted to possession and agreed to cooperate with authorities, informing them that the marijuana was destined for Eric Hall in Detroit.

DEA-1 stated to authorities that he delivered marijuana to Hall at 14056 Evergreen approximately three weeks earlier, and picked up a large sum of money from the same address, two months prior to that delivery. Authorities conducted a controlled delivery of the marijuana to Eric Hall. There were several recorded telephone conversations between DEA-1 and Hall and between DEA-1 and Defendant. Authorities also established surveillance at 14056 Evergreen. Upon arrival in Detroit, DEA-1 contacted Hall and was instructed to deliver the marijuana to 14238 Dale, less than three miles from 14056 Evergreen. Hall and another individual were arrested at 14238 Dale. According to the affidavit supporting the search warrant, DEA-1 stated that Hall was planning to move the marijuana to another location, possibly 14056 Evergreen. Following the arrest of Hall, authorities obtained a search warrant for 14056 Evergreen.

### A.    Motion to Suppress

The Defendant filed his motion on June 9, 2005. He argued that the warrant was facially deficient because it lacked probable cause. The Defendant claimed speculation

and unsubstantiated conclusions by the affiant, Agent Feld, were the basis of the warrant. Specifically, the Defendant argued there was no probable cause to believe the marijuana was destined for 14056 Evergreen. Moreover, the Defendant argued that it was a general warrant prohibited by the 4th Amendment because it was overly broad. Alternatively, the Defendant sought an evidentiary hearing, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1979), because the affidavit did not include the actual address where the marijuana was delivered, instead referring to "a secondary location, near 14056 Evergreen."

  **B.**  **Government's Response to Motion to Suppress**

  The Government responded that there was probable cause to search the home. It contends that even if there was no probable cause to believe the shipment delivered to 14238 Dale was headed for 14056 Evergreen, there was probable cause to search 14056 Evergreen based on the non-drug evidence that would be located there. The Government contends 14056 Evergreen was the "home base" for Hall and the Defendant. It points to the "ongoing manner of operation" as evidenced by the prior deliveries by DEA-1, and the attestations of Agent Feld (Government's response p. 5). Alternatively, the Government contends that the exclusionary rule does not apply based on the good-faith exception established in *U.S. v. Leon*, 468 U.S. 897 (1984).

  The Government disagreed that the warrant was overly broad. It claimed that "each category is qualified as to its relationship with the illegal activity" (Government's response p. 7). Further, the Government argues that the Defendant is not entitled to a hearing pursuant to *Franks*, because he has not demonstrated that any statements in the affidavit were knowingly and intentionally false or reckless, or that the allegedly false

information was essential to the probable cause determination.

### C. Report and Recommendation

The Report and Recommendation urges denial of the motion to suppress. The magistrate found that there was probable cause for the search of 14056 Evergreen based on the informant's previous deliveries to the address and the surveillance of Hall and the Defendant at the location which evidenced their participation in drug trafficking business. The magistrate conceded that the affidavit was poorly drafted, but that taken as a whole "the facts alleged show more than a fair probability that contraband or evidence would be found at the location" (R&R p. 4). The magistrate also found that use of the phrase "near 14056 Evergreen" rather than 14238 Dale, was not knowingly false or a reckless disregard for the truth because it was roughly 2.2 miles away. Lastly, the magistrate concluded it was not a general warrant; while the list of items was lengthy, each was shown to have a relationship to the illegal activity described in the affidavit.

## III. ARGUMENTS OF THE PARTIES

### A. Defendant's Objections

The Defendant's objections to the R&R reiterated his initial arguments. The Defendant argues there was no probable cause to search 14056 Evergreen because it was mere speculation that the controlled shipment of marijuana was destined for that address. Defendant points out that the magistrate stated that the possibility that marijuana was going to be delivered to the 14056 Evergreen address would not be

grounds for a search warrant. Additionally, the Defendant claims that Agent Feld's use of the word "near 14056 Evergreen" rather than using the actual address where the marijuana was delivered was an attempt to detract from the lack of probable cause. He contends that this entitles him to a *Franks* hearing. Lastly, the Defendant states that it was a general warrant based on the large amount of information authorized to be seized in the search.

### B. Government's Response to Defendant's Objections

The Government filed an untimely response to the Defendant's objections which restated its previous arguments. The Government stresses that the affidavit did not rely on the probability that the marijuana delivered by DEA-1 was destined for 14056 Evergreen, but rather on the information as a whole. The Government cites the previous deliveries of DEA-1, the recorded conversations and the surveillance. The warrant was based on the probability that non-drug evidence would be found at that location. The Government also argued that the magistrate was correct in determining that a *Franks* hearing was inappropriate based on the Government's use of the word "near."

### IV. ANALYSIS

This Court adopts the Report and Recommendation. There was probable cause to support a search of 14056 Evergreen based on the informant's tip and police corroboration and investigation, notwithstanding the speculative nature of the ultimate destination of the marijuana. The Defendant is not entitled to a *Franks* hearing because

there were no knowing or reckless false statements, and the statement relied on by the Defendant to support a *Franks* hearing is not essential to the probable cause determination. Lastly, the warrant was particularized and did not constitute a general warrant.

### A. Standard of Review

The district court must make a *de novo* determination of motions to suppress evidence. *U.S. v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

### B. Probable Cause

There was probable cause to support the issuance of a search warrant for 14056 Evergreen. "No Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

> The requirement that a warrant be supported by specific evidence of criminal activity before being issued is deeply rooted in our history...probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place...[m]oreover, where an affidavit is the basis for a probable cause determination, that affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause.

*U.S. v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003)(citation omitted).

The search warrant was issued for 14056 Evergreen because there was probable cause that it was a base of operations for narcotic distribution. Authorities received a tip from a confidential informant that he recently made a pickup of a large sum of cash from and delivered a large quantity of drugs to the address. The informant

also stated that the large quantity of narcotics he was currently delivering was to the same person, Eric Hall.  In an attempt to corroborate the assertions of the informant, authorities monitored phone calls which confirmed that the informant was delivering the marijuana to the named individual, Eric Hall.  Further, authorities surveilled Mr. Hall's home and determined that Mr. Hall and the Defendant were associated with the 14056 Evergreen address.  Probable cause generally exists to search for the "fruits and instrumentalities of criminal activity" at the residence of a drug dealer with continual or ongoing operations.  *U.S. v. Newton*, 389 F.3d 631, 636 (6th Cir. 2004).  Probable cause requires "only a probability or substantial chance of criminal activity, not an actual showing of such activity."  *Illinois v. Gates*, 462 U.S. 213, 244 n. 13 (1983).

If the search warrant was obtained <u>solely</u> on the probability that the apprehended shipment of marijuana was destined for 14056 Evergreen, there would not have been probable cause.  However, the search warrant did not rest on this.  The search warrant was based on the corroborated tip that several drug transactions had taken place at 14056 Evergreen and the operation was currently ongoing, since another delivery for Eric Hall was en route.

The Supreme Court established a totality of the circumstances test for determining whether probable cause has been established based on an informant's tip. *U.S. v. Smith*, 182 F.3d 473, 477-478.  Veracity, reliability and basis of knowledge are highly relevant considerations.  *Id.* at 477.  However, because it is a totality of the circumstances approach, a deficiency in one area may be compensated for by a strong showing in another.  *Id.* at 478.  "The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.*

Based on the totality of the circumstances here, the self-incriminating admissions of the informant, the corroboration of the details by the authorities and the experience and knowledge of the affiant, there was probable cause to issue a search warrant for 14056 Evergreen.

**C.   Particularity**

"General warrants that fail to describe with particularity the things to be searched for and seized create a danger of unlimited discretion in the executing officer's determination of what is subject to seizure and a danger that items will be seized when the warrant refers to other items. However, the degree of specificity required is flexible and will vary depending on the crime involved and the types of items sought. Thus a description is valid if it is as specific as the circumstances and the nature of the activity under investigation permit." *U.S. v. Henson*, 848 F.2d 1374, 1382-1383 (6th Cir. 1988)(citations omitted).

In *Henson*, *supra*, the court upheld a warrant using generic terms for officers to search for information concerning an odometer tampering scheme. "Where the precise identity of goods cannot be ascertained at the time the warrant is issued, naming only the generic class of items will suffice." *Id.* at 1383.

In this case, the items to be seized were qualified as to their relationship with the illegal activity described in the affidavit and thus were sufficiently particularized in light of the circumstances.

**D.   Evidentiary Hearing**

The Defendant claims he is entitled to a hearing pursuant to *Franks v. Delaware*,

8

438 U.S. 154 (1979). The Defendant asserts that the authorities used the word "near" in the affidavit rather than inserting the actual address of the marijuana delivery to detract from any indication that probable cause may not exist.

"Under *Franks*, a defendant must satisfy a two-prong test to obtain an evidentiary hearing. First, a defendant must make a 'substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false.' The second prong of the *Franks* test requires a court to find that the challenged statements are necessary to a finding of probable cause. If exclusion of the inaccurate statement would leave the affidavit with insufficient content to establish probable cause, then the warrant is invalid." *U.S. v. Hill*, 142 F.3d 305, 310 (6th Cir. 1998)(citations omitted).

The Defendant failed to make a showing that the Government's use of the word "near" to designate a location 2.2 miles away in a city the size of Detroit, was deliberately or recklessly false. Poor draftsmanship does not satisfy the *Franks* requirement. *U.S. v. Charles*, 138 F.3d 257, 264 (6th Cir. 1998). Additionally, even if the use of the word "near" was knowingly or recklessly false, exclusion of the statement that the current shipment of marijuana was headed for a place near 14056 Evergreen would not negate the existence of probable cause because probable cause was not dependent upon that particular shipment of marijuana; the totality of the circumstances, as discussed above, establishes the existence of probable cause. Therefore, Defendant failed to demonstrate entitlement to a *Franks* hearing.

**V.   CONCLUSION**

For the foregoing reasons, this Court **ADOPTS** the Report and Recommendation; Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED.**

                                      S/Victoria A. Roberts
                                      Victoria A. Roberts
                                      United States District Judge

Dated: September 19, 2005

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 20, 2005.

s/Carol A. Pinegar
Deputy Clerk

---