**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff(s),**          **CASE NUMBER: 04-80335
HONORABLE VICTORIA A. ROBERTS**

**v.**

**KEITH LAWSON,**

        **Defendant(s).**
_____/

**ORDER**

This matter is before the Court on Defendant Keith Lawson's Motion for Correction and/or Vacation of his Sentence Pursuant to 28 U.S.C. §2255. For the reasons stated below, Defendant's motion is **DENIED**.

Defendant was sentenced by this Court on June 26, 2006 on the charge of conspiracy to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §846. In the Presentence Investigation Report ("PSIR"), it is noted that two handguns were recovered from Defendant during the execution of a search warrant and another handgun was recovered from the home where the warrant was executed. PSIR at ¶21. In the calculation of Defendant's Offense Level, he was assessed two points for possession of a firearm in connection with the offense to which he pled guilty, pursuant to U.S.S.G. §2D1.1(b)(1). PSIR at ¶28.

In December 2006, Defendant filed a motion requesting the Court to amend the PSIR to omit references to his possession of a firearm because he and the Government

1

agreed prior to sentencing that "any reference to possession of a firearm would not be placed in [D]efendant's PSI[R] and it would not be a factor[] used at sentencing." Pl. br. at p. 1.  The Court denied Defendant's motion because he failed to assert any objection to the PSIR at sentencing.  *See* Order Denying Defendant's Motion to Amend Pursuant to Rule 32(k)(d), January 5, 2007.

On January 22, 2007, Defendant filed a Motion for Reconsideration.  He argued that the firearm references prevent him from participating in the Bureau of Prisons ("BOP") Rehabilitation Drug and Alcohol Program ("RDAP") despite the Court's recommendation.  He asserted that allowing the references to remain conflicts with the Court's recommendation and effectively renders it moot.  The Court denied Defendant's motion because the grounds asserted did not constitute a palpable defect in the prior ruling.  *See* Order Denying Defendant's Motion for Reconsideration, January 31, 2007. Additionally, the Court noted that it does not have authority to modify or omit accurate representations in the PSIR regarding the facts and circumstances under which Defendant was arrested.  *Id.*

Defendant now requests the same relief under 28 U.S.C. §2255.  He essentially asserts the same arguments.  He advises that the BOP has discretion to grant a one-year sentence reduction to inmates convicted of non-violent offenses who successfully complete the substance abuse treatment program.  *See* 18 U.S.C. §3621(e)(2)(B). However, prisoners convicted of a felony involving "the carrying, possession, or use of a firearm" are not entitled to a sentence reduction via this program.  *See* 28 C.F.R. §550.58(a)(1)(vi)(B).  Therefore, Defendant will not be able to avail himself of the sentencing benefits of the BOP's drug treatment program if the PSIR is not corrected or

2

vacated.

Defendant contends he is entitled to have his sentence corrected or vacated because: 1) he did not object to the PSIR because he was advised by his attorney, Gerald Evelyn,[1] after Evelyn and the Government met with the Court in chambers, that he (Evelyn) believed that the Court would not deem that he committed the underlying offense while possessing a firearm; 2) he failed to advise the Court of any objections because he was not aware that he was deemed to have used a weapon during the commission of the offense as the Court never stated as much; and 3) (alternatively) "upon information and belief," the issue was raised as an objection.

"To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v United States,* 165 F.3d 486, 488 (6th Cir. 1999). "To prevail on a §2255 motion alleging non-constitutional error, the petitioner must establish a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Id* (*quoting United States v Ferguson,* 918 F.2d 627, 630 (6th Cir.1990)). It is not clear whether Defendant contends that the claimed error is of constitutional proportions. In any event, Defendant failed to establish grounds for relief for either a constitutional or non-constitutional error; there is no factual basis for Defendant's claims.

First, Defendant does not claim that he was erroneously assessed two points for

---

[1]Mr. Evelyn stood in for counsel of record, Todd Flood.

3

possession of a firearm under U.S.S.G. §2D1.1(b)(1), only that the Government agreed that he would not be so assessed. However, he does not present any evidence of the alleged agreement. In fact, Defendant now asserts that Mr. Evelyn only said that he "believed" the Court would not assess additional points. Defendant does not, however, indicate what that belief was based upon.

Second, there is no merit to Defendant's claim that he did not know that he was deemed to have been in possession of a firearm during the commission of the offense. At sentencing, Defendant claimed to have read the PSIR, reviewed any questions with counsel, and that he did not have any objections which had not been addressed. Sentencing Tr. at p. 3. In the PSIR it is stated that Defendant was in possession of a weapon when he was arrested (and he admits the same in his brief), and the two-point assessment for possession of a firearm is clearly delineated. *See* PSIR at ¶¶21, 28. Also, in Defendant's Rule 11 Plea Agreement, he admitted that he "sometimes possessed a firearm" while assisting in the storage and distribution of marijuana, and the two-point assessment was included in his and the Government's preliminary Guideline calculations. Rule 11 at p. 3; Worksheet A. For all of these reasons, it is disingenuous for Defendant to now claim that he was unaware that he was deemed to have been in possession of a weapon during the commission of the offense because the Court did not explicitly say so prior to sentencing.

Lastly, although Defendant alternatively claims that he objected to the assessment of additional points for the firearm and reference to a firearm in the PSIR, Defendant does not provide evidence that objections were asserted, the Court does not

4

find a record of objections by Defendant prior to sentencing, and it is undisputed that neither he nor his attorney made an oral objection at sentencing.

Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: July 10, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 10, 2007.
>
> s/Carol A. Pinegar
> Deputy Clerk