**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff(s),**          **CASE NUMBER: 04-80335**
                                             **HONORABLE VICTORIA A. ROBERTS**

**v.**

**KEITH LAWSON,**

        **Defendant(s).**
_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR RECONSIDERATION**

On July 10, 2007, the Court denied Defendant Keith Lawson's ("Lawson") "Motion for Correction and/or Vacation of His Sentence Pursuant to 28 U.S.C. §2255 or any other Relief Deemed Just and Equitable." Lawson asks the Court to reconsider its decision. (Doc. #300).

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

The Court initially notes that Lawson's motion is untimely. *See* L.R. 7.1(g)(1) ("A

1

motion for . . . reconsideration must be filed within 10 days after entry of . . . order"). Even if the motion were timely, however, the Court's Order does not suffer from a palpable defect.

First, the Court disagrees with Lawson's argument that the firearm enhancement should be removed from his Presentence Investigation Report ("PSIR") because the Government could not establish a connection between the firearms and his illegal drug activity. Lawson admitted a connection in his Rule 11 Plea Agreement when he stipulated to the following statement, "Defendant assisted in the storage and distribution [of marijuana]. Defendant sometimes possessed a firearm while conducting these activities." This statement is not a mistake as Lawson claims because: (1) his signature serves as an acknowledgment that he read (or was read) the entire Plea Agreement and discussed it with his attorney; and (2) the statement was in bold print. If it were a mistake, Lawson should have objected at sentencing.

Second, Lawson cannot succeed on his ineffective assistance of counsel claims. He must prove: (1) Todd Flood ("Flood") and Gerald Evelyn ("Evelyn") made errors so serious they were not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) the deficient performances prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Lawson says prior to sentencing, Flood did not insure: (1) the firearm enhancement was deleted from the Plea Agreement and PSIR; and (2) Evelyn (stand-in counsel at sentencing) knew such deletion should be made. He says Evelyn was ineffective because he did not know the facts of the case.

These allegations are insufficient to overcome the strong presumption that Flood

2

and Evelyn's conduct falls within the wide range of reasonable professional assistance. *See id.* at 689.

The Court **DENIES** Lawson's motion for reconsideration.

**IT IS ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated: June 2, 2008**

---

**The undersigned certifies that a copy of this document was served on the attorneys of record and Keith Lawson by electronic means or U.S. Mail on June 2, 2008.**

**s/Carol A. Pinegar**
**Deputy Clerk**

---